FILED
SUPERIOR COURT
OF GUAM

2022 AUG 29 AM 11: 16

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUAN CAMACHO PANGELINAN,<br><br>Plaintiff,<br><br>vs.<br><br>ANNIE SALAS LUJAN, and MANUELA LUJAN BARBA nka MANUELA B. ROBLES,<br><br>Defendants. | CIVIL CASE NO. CV0310-20<br><br><br>**DECISION AND ORDER**<br>(Motion to Dismiss Second Amended Complaint for Damages for Fraud) |

This matter came before the Honorable Dana A. Gutierrez on May 27, 2022 for a hearing on Defendant Annie Salas Lujan's ("Defendant Lujan") Motion to Dismiss Second Amended Complaint for Damages for Fraud ("Second Motion to Dismiss"). Present via Zoom were Attorney Ray Cruz Haddock and Attorney Braddock J. Huesman representing Defendant Lujan; Plaintiff Juan Camacho Pangelinan ("Plaintiff"); and Attorney Jeffrey A. Cook representing Plaintiff. Upon a review of the applicable law, the arguments presented by the parties, and in consideration of the proceedings thus far, the Court hereby **DENIES** Defendant Lujan's Second Motion to Dismiss.

## PROCEDURAL BACKGROUND

Plaintiff filed a Complaint for Constructive Trust filed on April 13, 2020 and a First Amended Complaint for Constructive Trust on September 14, 2020.[1] Defendant Lujan filed a Rule 12(b)(6)

---

[1] Plaintiff filed the First Amended Complaint as a matter of right. *See Core Tech. Int'l Corp. v. Hanil Eng'g & Constr. Co.*, 2010 Guam 13 ¶ 53, n. 6.

---

Motion to Dismiss on November 12, 2020 ("First Motion to Dismiss"), which was fully briefed and argued by the parties.[2] On August 10, 2021, this Court issued a Decision and Order granting the First Motion to Dismiss without prejudice and granting Plaintiff's request for leave to amend his First Amended Complaint.

On September 9, 2021, Plaintiff filed a Second Amended Complaint for Damages for Fraud ("Complaint").[3] On October 4, 2021, Defendant Lujan filed the present Second Motion to Dismiss supported by the Declaration of Annie Salas Lujan ("Lujan Declaration"). On November 1, 2021, Plaintiff filed his Opposition to the Second Motion to Dismiss ("Opposition") supported by the Declaration of Jeffrey A. Cook ("Cook Declaration"). On November 15, 2021, Defendant Lujan filed her Reply to the Opposition.

On March 3, 2022, Defendant Manuela Lujan Barba nka Manuela B. Robles ("Defendant Robles"), by and through her counsel, Attorney Vincent Leon Guerrero, filed a Joinder in Annie Salas Lujan's Motion to Dismiss Second Amended Complaint for Damages for Fraud ("Joinder").[4] On May 9, 2022, Attorney Huesman entered his appearance on behalf of Defendant Lujan. The Court heard oral argument on the Second Motion to Dismiss from Defendant Lujan and Plaintiff at the May 27, 2022 hearing and subsequently took the matter under advisement.

## FACTUAL BACKGROUND[5]

This action arises out of Plaintiff's alleged agreement with Defendant Lujan to purchase Defendant Robles' interest in three properties based on Defendant Robles' status as the "sole heir" of

---

[2] See the Court's August 10, 2021 Decision and Order for additional background.
[3] For the purpose of this Decision and Order, when the Court refers to the "Complaint", the court is referring to the Second Amended Complaint.
[4] The Joinder filed did not provide additional legal argument.
[5] The Factual Background is a summary of the facts as alleged in the pleadings to provide necessary context for the case, not a "Findings of Fact."

the Estate of Gregorio C. Barba. Compl., at ¶ 3.[6] Defendant Lujan is the Administrator of the Estate of Gregorio C. Barba in Superior Court of Guam Case No. PR0111-06 and mother of Defendant Robles. *Id.*

The Complaint alleges that as the sole heir to the Estate of Gregorio C. Barba, Defendant Robles had an interest in three properties, which at one time were held as assets in the Estate of Juan Santos Camacho, the grandfather of Gregorio C. Barba.[7] *Id.* at ¶ 3-19. The Complaint asserts that Defendant Lujan represented to Plaintiff and others that she had a Power of Attorney ("POA") from Defendant Robles in October 2009. *Id.* at ¶ 7, 12. On or about October 2009, Plaintiff alleges that Defendant Lujan approached Plaintiff to inquire if he desired to purchase her daughter's (Defendant Robles') share of the property interest in the Estate of Juan Santos Camacho. *Id.* at ¶ 8.

On or about October 26, 2009, Plaintiff and Delbert L. Swegler, deceased, paid Defendant $10,000.00 as a down payment for their purchase of Defendant Robles' share of the property in the Estate of Juan Santos Camacho. *Id.* at ¶ 10.[8] On or about March 11, 2010, Defendant Robles, through Defendant Lujan, deeded Defendant Robles' interest in the three properties to Plaintiff and Mr. Swegler. *Id.* at ¶ 11, Exhibits 2-4. The three deeds were recorded at the Department of Land Management on November 10, 2010. *Id.* at ¶ 13.

Plaintiff and Mr. Swegler agreed to pay Defendant Robles $577,608.00 for her interest in the

---

[6] The "three properties" are Lot 5200-3, Barrigada, Guam, Lot 218-4NEW-R1NEW-1, Barrigada, Guam, and Lot 5199-1, Barrigada, Guam. Compl., at ¶ 11.

[7] Juan Santos Camacho was the grandfather of Gregorio C. Barba. The Estate of Juan Santos Camacho was before the Superior Court of Guam through Probate Case No. PR0290-46. Manuela Camacho Barba was the mother of Gregorio C. Barba. The Estate of Manuela Camacho Barba was before the Superior Court of Guam in Probate Case No. PR0072-78. Compl., at ¶ 15.

[8] The receipt states "I, ANNIE SALAS LUJAN, entered into this contract authorized by a Special Power of Attorney Granted to me by my daughter, MANUELA LUJAN BARBA, a copy is attached on the second page of this receipt." Compl., at ¶ 10, Exhibit 1.

three properties by way of an Amended Promissory Note dated November 9, 2010. *Id.* at ¶ 14, Exhibit 5. The Complaint alleges that "Defendant Lujan, on behalf of her daughter Defendant [Robles], agreed to sell the Estate's interest in the Lots to Plaintiff and Delbert L. Swegler, and Plaintiff and Delbert L. Swegler agreed to buy the interest in the Lots, using their best efforts to sell the Lots, and pay the purchase price set forth in the Amended Promissory Note." *Id.* at ¶ 16. When Mr. Swegler passed away, Plaintiff purchased his interest in the property from Mr. Swegler's widow. *Id.* at ¶ 24.

The Complaint alleges that Plaintiff worked with the Estate of Juan Santos Camacho in order to try to sell the land in which the Estate of Gregorio C. Barba had an interest. *Id.* at ¶ 26. In 2017, a consolidated Lot including Lot 2181-4NEW-R1NEW-1, Barrigada, Guam (the "Lot") was sold for $5,000,000.00 by the Estate of Juan Santos Camacho, and the Estate of Gregorio C. Barba's share was $916,666.66. *Id.* at ¶ 17.

Plaintiff asserts that if Defendants had not represented to Plaintiff that he had bought the interest in the Estate of Juan Santos Camacho's land from Defendant Robles through her mother and agent, Defendant Lujan, Plaintiff would not have spent nine years working with the Estate of Juan Santos Camacho to sell the land in which the Estate of Gregorio C. Barba had an interest. *Id.* at ¶ 26.

Plaintiff alleges that he performed his obligations under the agreement by making his best efforts to sell the property, and that as a direct result of Defendants' misrepresentations, Plaintiff suffered damages including spending nine (9) years of his time working to sell the Estate of Juan Santos Camacho property; having to borrow funds to buy out his partner's interest in the deal with Defendants; and having to borrow monies to pay living expenses while he spent years working to improve the property of the Estate of Juan Santos Camacho for sale, in the sum of at least $500,000.00. *Id.* at ¶ 44.

4

## DISCUSSION

Defendant Lujan's Second Motion to Dismiss requests the Court dismiss the Complaint pursuant to Rule 12(b)(6) and 9(b) of the Guam Rules of Civil Procedure ("GRCP") for failure to state a claim upon which relief can be granted, or alternatively requests that the Court convert the motion to a Motion for Summary Judgment pursuant to Rule 56 of the GRCP. Defendant Lujan raises several arguments in support of his Motion to Dismiss which are opposed by Plaintiff. Additionally, in Plaintiff's Opposition, Plaintiff asks the Court to partially reconsider its Decision and Order filed August 10, 2021 ("August 10, 2021 D&O"). Opp., at 1-2.

### I. Plaintiff's Request for Reconsideration.

As a preliminary matter, the Court notes that Plaintiff did not file a separate motion for reconsideration, but rather makes his request within the body of his Opposition to the Second Motion to Dismiss. Defendant Lujan asserts that the Court should decline to act on this request based on Plaintiff's failure to follow the motion practice requirements under CVR 7.1 of the Local Rules of the Superior Court of Guam. Plaintiff acknowledged that he did not follow the procedure under CVR 7.1, but requested that the Court exercise its inherent authority to entertain the request. Min. Entry, at 10:48:07 AM (May 27, 2022).

The Court agrees that Plaintiff did not follow the procedural requirements of CVR 7.1 in making his request for reconsideration. However, in Defendant Lujan's Reply brief, Defendant Lujan was able to adequately address the issues raised in Plaintiff's request for reconsideration. Therefore, notwithstanding this Court's authority to deny consideration of motions that do not comply with CVR 7.1, in the interest of judicial efficiency, the Court will review the Plaintiff's request.

### A.    The Court Considered the Material Facts in Its August 10, 2021 D&O.

Plaintiff requests for reconsideration pursuant to CVR 7.1(i) which provides that "a motion for reconsideration of the decision on any motion may be made only on the grounds of [ . . . ] a manifest showing of a failure to consider material facts presented to the Court before such decision." Opp., at 2. Defendant Lujan argues that Plaintiff has failed to meet his burden for reconsideration under the applicable law. Reply, at 2-4.

"No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion. CVR 7.1(i). "A motion for reconsideration, however, is not intended to be a second chance for a party to supplement a previous, incomplete argument." *Merchant v. Nanyo Realty*, 1998 Guam 26 ¶ 9. "It is a procedure that should be used sparingly," and it may not "simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9.

Plaintiff asks the Court to reconsider its August 10, 2021 D&O "as to whether Defendant [Robles'] interest in the sale proceeds of land in the Estate of Juan Santos Camacho was only an expectancy and Defendant Robles is only an heir apparent." Opp., at 1-2. Plaintiff offers that the Court did not consider that all of the predecessors to Defendant Robles' interest are deceased and the estates were in probate at the time she contracted to convey her interest to Plaintiff and Mr. Swegler. However, this Court clearly did consider this fact in its August 10, 2021 D&O. Aug. 10, 2021 D&O, at 2-3, 11-12 (recognizing that all three probate cases were open and that Juan, Manuela, and Gregorio had all passed).

Furthermore, in Plaintiff's Opposition to the First Motion to Dismiss, Plaintiff unsuccessfully attempted to argue that he owned an interest in the land through the agreement and deeds transferring

Defendant Robles' interest in the land to Plaintiff. Opp., at 9 (Dec. 17, 2020). Plaintiff failed to cite any relevant authority stating that he had a recognizable "interest" in the real property at issue in this case. *Id.* Still, nowhere in Plaintiff's request for reconsideration has Plaintiff referred this Court to any case that affirms Plaintiff's interpretation of the law or a case that is contradictory or incompatible with this Court's August 10, 2021 D&O.

Because "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made . . . in opposition to the original motion," this Court may not re-entertain supplemented arguments supporting this same argument. CVR 7.1(i); *see Merchant,* 1998 Guam 26 ¶ 9; Maquera, 2001 Guam 20 ¶ 9; *Lamb v. Hoffman,* 2008 Guam 2 ¶ 35 ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

### B. Plaintiff Has Not Met His Burden for Reconsideration.

Additionally, Plaintiff offers that the Court did not consider that the interest in the three properties "immediately" passed from Juan Santos Camacho to his daughter Manuela Camacho Barba when he died, then "immediately" passed from Manuela Camacho Barba to her heirs including Gregorio C. Barba when she died, then "immediately" passed to Defendant Robles when he died, citing 15 GCA § 1401. Opp., at 5. In response, Defendant Lujan asserted that this argument fails because in order to "get something out of an estate," "you need a court order." Min. Entry, at 10:54:43 AM (May 27, 2022) (citing to Guam's Probate Code). This Court agrees with Defendant Lujan. The Court does not find Plaintiff's above summary of the "facts" or interpretation of the law to be a "manifest showing of a failure to consider material facts presented to the Court." CVR 7.1(i).

Title 15 GCA § 1401 provides that:

(a) Upon a person's death, the title to such person's property, real and personal, passes immediately to the person or persons to whom it is devised or bequeathed by such person's last will, or, **in the absence of such disposition**, to the person or persons who succeed to such person's estate as provided in Division 2 of this Title.

(b) Notwithstanding the provisions of subsection (a) of this Section, and except as otherwise provided by law, all of such person's property shall be subject to the possession of such person's personal representative and **to the control of the Superior Court of Guam for the purpose of administration**, sale or other disposition under the provisions of Division 3 of this Title, and shall be chargeable with the expenses of administering such person's estate, and **the payment of such person's debts** and the allowance to such person's family.

(emphasis added).

Read in its entirety and in light of the referenced Division 3 of Guam's Probate code, title to a person's property only passes "immediately . . . to the persons who succeed to such person's estate as provided in Division 2" in the "absence of" the "disposition" of whether or not the person has a last will. The disposition of whether or not a person has a last will is made through the probate process which also requires that the debts of the estate are paid before any distributions are made to the estate's heirs, whether named in a will or through intestate succession. 15 GCA § 1401(b). At any time before the final decree is entered, a last will of the decedent could be discovered, additional heirs could be revealed, or claims against the estate can be made which could exceed the value of the estate.

The Decree of Final Distribution for the Estate of Juan Santos Camacho was not entered until February 26, 2021. *In the Matter of the Estate of Juan Santos Camacho*, Dec. of Final Distribution (Feb. 26, 2021); *see In re N.A.*, 2001 Guam 7 ¶ 58 (a court may take judicial notice of the truth of facts in certain documents, including past court orders, findings of fact and conclusions of law, and judgments."). The Decree of Final Distribution for the Estate of Manuela Camacho Barba was not entered until September 5, 2019. *In the Matter of the Estate of Manuela Camacho Barba*, Dec. of

Final Distribution (Sept. 5, 2019). As such, the title to these Estate's interests did not pass until 2021 and 2019, respectively—well after the allegations in the Complaint took place.

Further, Plaintiff's purported interpretation of 15 GCA § 1401 is contradictory to nearly the entirety of Division 3 of Guam's Probate Code, and more specifically, to the requirement that dealings with estate property are subject to final approval from the probate court. 15 GCA § 2301, *et seq.* For example, if it were the case that title to an estate's property passes "immediately" upon the death of the decedent, the entire purpose of Chapter 23, entitled "Personal Representative's Dealings With Estate Property," would be rendered meaningless, as *any* purported heir would be authorized to sell or transfer the estate's property. Rather, only the estate's personal representative is authorized to make such transactions subject to the review and order of the Superior Court. *Id.*

For the foregoing reasons, the Court finds that Plaintiff has not met his burden of manifestly showing that this Court failed to consider material facts presented to the Court before issuing its August 10, 2021 D&O and that Plaintiff's request for reconsideration relies upon a misapprehension of the law and facts. Accordingly, the Court must deny Plaintiff's request for reconsideration.

## II.     Defendant Lujan's Motion Must Be Converted to a Motion for Summary Judgment.

Rule 12(b)(6) of the GRCP allows a plaintiff to assert in a responsive pleading or in a motion that the defendant failed to state a claim upon which relief could be granted. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9. Dismissal pursuant to Rule 12(b)(6) of the GRCP "is not proper unless 'it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies."

*Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14.

However, in ruling on a Rule 12(b)(6) motion to dismiss, a trial court "must convert the dismissal motion into a summary judgment motion whenever it considers extraneous material outside the pleadings." *Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co., Ltd.*, 2010 Guam 13 ¶ 26-29. Where a plaintiff attaches a declaration to their opposition to a motion to dismiss, the Guam Supreme Court, in *Core Tech v. Hanil*, held that the trial court should consider the attached declarations and other documents and convert the motion to one for summary judgment. *Id.* at ¶ 26, note 4.

Here, Plaintiff submitted the Cook Declaration which incorporates the Declaration of Juan Camacho Pangelinan filed on October 19, 2020 ("First Pangelinan Declaration") and the Second Declaration Juan Camacho Pangelinan filed on December 17, 2020 ("Second Pangelinan Declaration") in support of his opposition to the Motion to Dismiss which attached exhibits that were not attached to the Complaint. Cook Decl., Exhibit 1-2.[9] Because the Court must consider these documents and the information therein, which were not included in the Complaint and its accompanying exhibits, this Court finds that it must convert Defendant's Motion to a motion for summary judgment.[10]

### A.     Motion for Summary Judgment.

Pursuant to Rule 56(c) of the GRCP, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue exists when "there is 'sufficient evidence' which establishes a

---

[9] The Plaintiff alleges that Defendant Lujan accepted an additional $18,000 from Mr. Swegler toward the purchase of the properties. First Pangelinan Decl., at ¶¶ 5 & 9, Exhibits 2 & 8. One payment in the amount of $3,000 was paid in January 2010, and the second payment of $15,000 was made in November 2010. *Id.*

[10] For clarity, Defendant Lujan's Motion shall continue to be referred to as the "Second Motion to Dismiss" throughout this decision.

factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact. *Id.* "A 'material fact' is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the [pleadings], but must produce at least some significant probative evidence tending to support the [pleadings]." *Id.* at ¶ 8.

In addition, "the court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7. The court's "ultimate inquiry is to determine whether a 'specific fact' set forth by the nonmoving party, coupled with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8. This standard will guide the Court in its analysis.

## B. Whether Plaintiff Has Pled Fraud With Sufficient Particularity.

Defendant Lujan argues that even viewing the evidence and drawing inferences in the light most favorable to Plaintiff, Plaintiff has failed to plead fraud with sufficient particularity. Mot., at 2-3, 5-7. Plaintiffs assert that the elements of fraud have been clearly pled including misrepresentation and damages. Opp., at 6-8.

As a preliminary matter, in support of Defendant Lujan's assertion that Plaintiff cannot meet his burden under Rule 9(b) of the GRCP, Plaintiff alleges that "[i]t is undisputed that the Court has ruled that Plaintiff may not rely on any of the written agreements submitted in this case." Mot., at 6.

However, this misstates this Court's holding in the August 10, 2021 D&O.[11] The August 10, 2021 D&O found that although there can be no *"enforcement* of a void contract, the claim based on fraud may survive,"* and this Court noted that although the statute of frauds may prevent a claim for enforcement of a contract, the statute of frauds will not apply to prevent claims of fraud based on justifiable reliance or unjust enrichment. Aug. 10, 2021 D&O, at 13, 20 (emphasis added) (internal citations omitted).[12] Nowhere in the August 10, 2021 D&O did the Court hold that Plaintiff may not rely on any of the written agreements in this case.

Having found that the Plaintiff is not categorically prohibited from relying on any written agreements to pursue any case against the Defendants, the Court must evaluate whether the Complaint sufficiently meets the heightened pleading standard required by Rule 9(b) of the GRCP.[13]

### 1. Standard of Fraud Under Rule 9(b) of the GRCP.

Generally, fraud claims are subject to heightened pleading standards under Rule 9(b) of the GRCP. *See Ukau v. Wang*, 2016 Guam 26 ¶ 35. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 16. "Rather, what is required is that a plaintiff set forth his claim with

---

[11] At the May 27, 2022 Motion Hearing, when asked by the Court where the August 10, 2021 D&O makes such a holding, Defendant Lujan responded, by and through counsel, that she "understands the Court's point[,]" but Plaintiff is trying to "reanimate a corpse of a deal." Min. Entry, at 10:56:27 AM (May 27, 2022).

[12] At the May 27, 2022 Motion Hearing, the Court specifically asked whether, with regard to the cause of action, Plaintiff was seeking to enforce an agreement or alleging damages for fraud. Min. Entry, at 10:59:38 AM (May 27, 2022). In response, Plaintiff clarified that fraud is the only cause of action in the complaint and that he is only alleging damages for fraud. *Id.*

[13] As noted in the Court's previous August 10, 2021 D&O, although an opposition to a motion to dismiss may provide some clarity on some elements of fraud, the Court is generally limited to the facts as alleged in the complaint when evaluating whether the complaint meets its burden under Rule 9(b). Aug. 10, 2021 D&O, at 17-18 (internal citations omitted).

---

sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 1989)).

This has been described as the "who, what, when, where, and how" requirement. *Ukau*, 2016 Guam 26 ¶ 47. The elements of fraud are: "1) a misrepresentation; 2) knowledge of falsity (or scienter); 3) intent to defraud to induce reliance; 4) justifiable reliance; and 5) resulting damages." *Ukau*, 2016 Guam 26 ¶ 36. "The allegation must include enough detail to give defendants notice of the particular fraudulent misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Taitano*, 2008 Guam 12 ¶ 25 (internal citations omitted).

### 2. Plaintiff Has Sufficiently Pled His Claim Based on Fraud.

First, Plaintiff identifies that Defendant Lujan and Defendant Robles "misrepresented that Defendant [Robles] would complete the agreement with Plaintiff[,]" and that the Defendants' "wrongful misrepresentation was to get Plaintiff to work to sell the property without paying Plaintiff for his efforts." Compl., at ¶ 34, 36. Therefore, Plaintiff has alleged facts regarding Defendants' misrepresentations.

Second, Plaintiff alleges that:

27. On information and belief Defendant [Robles] knew Plaintiff was actively trying to sell the Camacho Estate Property, receiving information from John Camacho and relatives.
28. Plaintiff was advised by John Camacho and Defendant [Robles]'s relatives that Defendant [Robles] was aware of the sale of the property interest to Plaintiff.
39. Defendant Lujan and Defendant [Robles] knew when they entered into the agreement with Plaintiff that they were not going to honor the agreement.
40. The misrepresentations made herein by Defendant Lujan and Defendant [Robles] were false when Defendants made them, in that Defendants knew they did not intend to pay Plaintiff pursuant to the documents whereby they promised Plaintiff a share of the proceeds of the sale of the land in the Estate of Juan Santos Camacho.
41. Defendant Lujan and Defendant [Robles] knew the representations were false when Defendants made them in that Defendants had no intentions of performing the transaction

as set forth in the Deeds, Promissory Note and Mortgage between Defendants and Plaintiff.

*Id.* at ¶ 27, 28, 39-41. Thus, Plaintiff includes specific allegations regarding the Defendants' knowledge of falsity.

Third, Plaintiff alleges that "Defendant Lujan and Defendant [Robles] made the representations mentioned herein with the intent and for the purpose of deceiving Plaintiff and to induce Plaintiff in relying on the representations." *Id.* at ¶ 42. Based on this, Plaintiff has alleged facts related to Defendants' intent to defraud to induce reliance.

Fourth, Plaintiff alleges that:

> 29. Plaintiff had a reasonable right to rely on Defendant Lujan's representations that she was authorized to sell Plaintiff the lots on behalf of Defendant [Robles].
> 30. Defendant Lujan represented to Plaintiff that Defendant [Robles] had an interest in the land in the Estate of Juan Santos Camacho and that Defendant [Robles] had a right to sell the interest to Plaintiff.
> 31. Defendant Lujan represented Defendant [Robles] would sell her interest in the Estate to Plaintiff for $577,608.00 if Plaintiff would actively work to sell the property.
> 32. Plaintiff agreed to buy the interest from Defendant [Robles] for $577,608.00 which was evidenced by the Promissory Note, Mortgage and Deeds. As part of the agreement, Plaintiff was to devote his time and efforts to make the property marketable and assist the Estate of Juan Santos Camacho in the sale of the property.
> 33. Defendant Lujan's actions on behalf of Defendant [Robles] included:
> > A. Executing deeds as the Agent of Defendant [Robles];
> > B. Swearing in the Deposition in Superior Court of Guam Civil Case No. CV0946-12 that she was the Agent of Defendant [Robles] and that Defendant [Robles] had knowledge of the transaction with Plaintiff;
> > C. Continually telling Plaintiff that Defendant [Robles] was aware of the transaction and approved it.
> [ . . . ]
> 43. Plaintiff, in reliance on the representations mentioned herein, was induced to spend nine (9) years of his life working to improve the property in the Estate of Juan Santos Camacho with the Administrator of the Estate of Juan Santos Camacho to sell the property.

*Id.* at ¶ 29-33, 43. In light of these facts, Plaintiff has alleged sufficient facts supporting the element of

justifiable reliance.

Fifth, Plaintiff asserts that "[a]s a direct and proximate result of the conducts of the Defendants described herein, Plaintiff has endured damages including spending nine (9) years of his time working to sell the Estate of Juan Santos Camacho property; having to borrow funds to buy out his partner, Delbert K. Swegler's Estate's interest in the deal that Delbert K. Swegler and Plaintiff had struck with Defendants [Robles] and Lujan; in having to borrow monies to pay living expenses while he spent years working to improve the property of the Estate of Juan Santos Camacho for sale, all to Plaintiff's damages in the sum of at least $500,000.00." *Id.* at ¶ 44. Therefore, Plaintiff has included sufficient allegations regarding his resulting damages.

This Court's August 10, 2021 D&O previously granted Plaintiff leave to amend his Complaint holding that "[i]f Plaintiff is able to adequately amend to sufficiently assert his claim of fraud against the proper parties, the claim may survive a motion to dismiss or a motion for summary judgment." Aug. 10, 2021 D&O, at 19. In Plaintiff's First Amended Complaint which was evaluated by the Court in its August 10, 2021 D&O, the entirety of Plaintiff's allegations relevant to Rule 9(b) were found in only four paragraphs. *Id.*, at 17-18. Plaintiff did not allege what "misrepresentation" has been made by either Defendant, that either Defendant knew that their conduct was wrongful or fraudulent, nor that either Defendant had an intent to defraud Plaintiff in order to induce reliance on their promises. *Id.*

In the present Complaint, Plaintiff has included specific allegations as to each of these elements. Under Rule 9(b), Plaintiff is not required to *prove* a claim of fraud at the pleading stage. *Ukau*, 2016 Guam 26 ¶ 47. Plaintiff simply must "set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* (finding that the complaint satisfied the Rule 9(b) general pleading requirement for fraudulent intent taking the facts in the

complaint as true). Where Plaintiff relies on "information or belief," the facts are such that they may only be known to the Defendants, and Plaintiff has provided a factual basis for his "information and belief." *See Taitano*, 2008 Guam 12 ¶ 15; *see e.g.*, Compl., at ¶ 28 ("Plaintiff was advised by John Camacho and Defendant [Robles]'s relatives that Defendant [Robles] was aware of the sale of the property interest to Plaintiff.").

Here, taking the facts on the face of the Complaint as true and in viewing the evidence and drawing all inferences in favor of the Plaintiff, the Court finds that Plaintiff has sufficiently pled facts applicable to each of the five required elements of fraud and has therefore met the particularity requirements of Rule 9(b) of the GRCP. *See Ukau*, 2016 Guam 26 ¶ 47; Edwards, 2000 Guam 27 ¶ 7.

## CONCLUSION

For the reasons set forth herein, the Court hereby **DENIES** Defendant Lujan's Motion to Dismiss Second Amended Complaint for Damages for Fraud. The Court further **ORDERS** that Defendants shall file and serve their Answers within twenty (20) days of the filing of this Decision and Order.

**SO ORDERED**: _____

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

16